COHEN v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, Second Department. May 5, 1911.)

MUNICIPAL CORPORATIONS (§ 821*)—TORTS—DEFECTS IN STREETS—JURY QUESTION.

In an action against a municipality for injuries received upon a defective street through the municipality's failure to guard the place and give plaintiff warning of the unsafe condition, evidence *held* to raise a question for the jury whether the municipality had received such notice as to enable it to protect or warn travelers against the defect in the street.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 821.*]

Jenks, P. J., and Burr, J., dissenting.

Appeal from Trial Term, Kings County.

Action by Celia Cohen against the City of New York. From a judgment dismissing the complaint, plaintiff appeals. Reversed and remanded.

Argued before JENKS, P. J., and HIRSCHBERG, BURR, THOMAS, and CARR, JJ.

Abraham C. Cohen, for appellant.
James D. Bell (Frank Julian Price, on the brief), for respondent.

THOMAS, J. The action is to recover for personal injuries caused by a defect in a road in Prospect Park, whereby a carriage was upset. The defect was caused by a rain of unusual severity. The accident occurred between 12 and 1 o'clock in the daytime on October 9, 1903. On the morning of that day the policeman at that point had telephoned the police station that the road was in bad condition, and during the morning the officer had warned oncoming carriages, but neglected to warn the one in question, as he was at lunch in the gate box. He says: "I had to be alert for fear anybody would come through."

The nature of the defect and his appreciation thereof are indicated in his testimony. Between the time of the notice given by the officer and the time of the accident there was not an opportunity to repair the road, and if the complaint, as the court apprehended, relates merely to proper maintenance, the dismissal would be correct. The court failed to notice that, in addition to the allegation of negligence in the matter of maintenance, there is a charge that defendant was negligent in the matter of guarding the place and giving plaintiff notice or warning of the unsafe condition. I consider that the jury should have determined whether the city had received such timely notice as to enable it to make provision for protecting or warning travelers against the defect.

The judgment should be reversed, and a new trial granted; costs to abide the event.

HIRSCHBERG and CARR, JJ., concur. JENKS, P. J., and BURR, J., dissent.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes